**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| AGUSTIN GARCIA, Petitioner, | : | Civil Action No. 11-3689 (DMC) |
| v. | : | **OPINION** |
| GREG BARTKOWSKI, Respondent. | : | |

**APPEARANCES:**

Petitioner pro se
Agustin Gardia
New Jersey State Prison
Trenton, NJ 08625

**CAVANAUGH**, District Judge

Petitioner Agustin Garcia, a prisoner currently confined at New Jersey State Prison at Trenton, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] and an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). The respondent is Administrator Greg Bartkowski.

---

[1] Section 2254 provides in relevant part:

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

Based on his affidavit of indigence, the Court will grant Petitioner's application to proceed in forma pauperis. Because it appears from a review of the Petition that the Petition is untimely, this Court will order Petitioner to show cause why the Petition should not be dismissed with prejudice. See 28 U.S.C. § 2243.

## I. BACKGROUND

The facts surrounding Petitioner's conviction are briefly set forth in the opinion of the Superior Court of New Jersey, Appellate Division.[2]

> Defendant is serving a life sentence with a thirty-year period of parole ineligibility following a lengthy jury trial and his conviction for murdering his former girlfriend, Gladys Ricart, shooting her three times at close range in her home on the day of her intended wedding to another man. The shooting was witnessed by several wedding guests and recorded by the videographer hired by the bride to memorialize the wedding festivities. Defendant testified in his defense, explaining he was attacked by the bride's brothers after he entered the house, there was a struggle, he reached for his gun and blacked out; later learning the bride had been killed. On February 1, 2002, defendant was sentenced to life in prison for the murder, subject to a thirty-year period of parole ineligibility. A consecutive four-year term of imprisonment was imposed for the weapons offense along with two concurrent four-year terms for endangering the welfare of a child.

[2] Pursuant to 28 U.S.C. § 2254(e)(1), "In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."

State v. Garcia, 2011 WL 3516933, *1 (N.J. Super. App.Div. Aug. 12, 2011).

On direct appeal, the Appellate Division affirmed Petitioner's convictions and the sentences imposed for murder and the weapons offenses. The Appellate Division reversed the convictions for endangering the welfare of a child. On September 10, 2004, the Supreme Court of New Jersey denied certification. State v. Garcia, 181 N.J. 545 (2004). Petitioner did not seek a writ of certiorari from the Supreme Court of the United States.

Petitioner alleges that he filed his first Petition for post-conviction relief on January 3, 2005. The PCR court denied relief on May 4, 2007. On November 6, 2009, the Appellate Division affirmed the denial of PCR relief, State v. Garcia, 2009 WL 3808269 (N.J. Super. App.Div. Nov. 6, 2009), and on June 21, 2010, the Supreme Court of New Jersey denied certification, State v. Garcia, 202 N.J. 348 (2010).

While the appeal of the first PCR petition was pending, Petitioner filed a second state PCR petition on April 15, 2008. The PCR court found the second PCR petition untimely and also denied on the merits the claims presented therein. Similarly, on August 12, 2011, the Appellate Division affirmed the PCR court's findings in their entirety, holding the second PCR petition both untimely and meritless.

> Because more than five years had passed from the entry of the judgment of conviction, review of defendant's contentions is precluded. R. 3:22-12. ...
>
> We have considered defendant's argument that there is sufficient evidence supporting excusable neglect to warrant a waiver of the time bar imposed by Rule 3:22-12(a) and are not persuaded. Defendant maintains the time spent presenting his direct appeal and first PCR qualifies as excusable neglect. Were this an acceptable position, the limitation of the rule would be rendered meaningless. Defendant had ample opportunity to present claims of error in these prior proceedings.

State v. Garcia, 2011 WL 3516933, *3-*4 (N.J. Super. App.Div. Aug. 12, 2011). On March 9, 2012, the Supreme Court denied certification with respect to this second state PCR petition. State v. Garcia, 209 N.J. 596 (2012).

Petitioner asserts that he filed a third state PCR petition on October 23, 2010,[3] which was denied on December 15, 2010. Reconsideration was denied on March 3, 2011. Based on the discussion of the third state PCR petition contained in the Brief attached to the Petition, it appears that the third state PCR petition also was dismissed as untimely. Petitioner asserts that the appeal of his third state PCR petition has not yet been decided.

---

[3] In his attached brief, Petitioner states that he mailed his third PCR petition on November 8, 2010. (Brief at 11.)

In this Petition,[4] Petitioner asserts the following grounds for relief: (1) multiple claims of ineffective assistance of trial, appellate, and PCR counsel;[5] (2) multiple claims of prosecutorial misconduct, including claims of procurement of perjured testimony, tampering with evidence, and failure to provide material exculpatory evidence in violation of Brady v. Maryland, 373 U.S. 83 (1972); (3) denial of the right to be tried by a fair and impartial jury; (4) erroneous jury instructions; (5) denial of the right to present a full defense; (6) error in the admission of the wedding videotape; (7) Petitioner's oral statement should have been suppressed; (8) violations of due process rights by the PCR court;[6] (9) the trial court denied

---

[4] Although the Petition is undated, Petitioner's attached certification is dated May 30, 2011. A separate certification regarding Petitioner's institutional account statement, attached to the application for leave to proceed in forma pauperis which accompanied the Petition, is dated June 7, 2011. Accordingly, it does not appear that the Petition could have been mailed before June 7, 2011, which will be deemed the date of filing for purposes of this Opinion. See Burns v. Morton, 134 F.3d 109 (3d Cir. 1998) (typically, a pro se prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court) (citing Houston v. Lack, 487 U.S. 2676 (1988)). Nevertheless, the same result would obtain if the Petition were deemed filed on May 30, 2011.

[5] Ineffective assistance of counsel in state post-conviction relief proceedings is not a ground for relief in a federal habeas corpus action. See 28 U.S.C. § 2254(i).

[6] Errors in state post-conviction relief proceedings are collateral to the conviction and sentence and do not give rise to a claim for federal habeas relief. See, e.g., Hassine v. Zimmerman, 160 F.3d 941, 954 (3d Cir.1998), cert. denied, 526 U.S. 1065 (1999) ("The federal role in reviewing an application

Petitioner's due process rights when it denied certain pre-trial motions, including motions for experts and motions to disqualify the prosecutor and trial judge; (10) Plaintiff is actually innocent of murder and should have been convicted of passion/provocation manslaughter.

It appears that this Petition is untimely, however, and Petitioner will be ordered to show cause why it should not be dismissed.

## II. STANDARDS FOR A SUA SPONTE DISMISSAL

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

Thus, "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland v. Scott, 512 U.S. 849, 856 (1994). See also Rule 4 of the Rules Governing Section 2254 Cases in the United

---

for habeas corpus is limited to evaluating what occurred in the state or federal proceedings that actually led to the petitioner's conviction; what occurred in the petitioner's collateral proceeding does not enter into the habeas calculation.... Federal habeas power is 'limited ... to a determination of whether there has been an improper detention by virtue of the state court judgment."); Ferguson v. State, 1996 WL 1056727 (D.Del. 1996) and cases cited therein.

States District Courts ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . ." (emphasis added)).

Moreover, "[h]abeas corpus petitions must meet heightened pleading requirements." McFarland v. Scott, 512 U.S. at 856. A petition must "specify all the grounds for relief" and must set forth "facts supporting each ground." See Rule 2(b) of the Rules Governing Section 2254 Cases in the United States District Courts.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970). Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989). See also 28 U.S.C. §§ 2243, 2254, 2255.

## III. ANALYSIS

### A. Untimeliness of the Petition

The limitation period for a § 2254 habeas petition is set forth in 28 U.S.C. § 2244(d),[7] which provides in pertinent part:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (c) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (d) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

---

[7] The limitations period is applied on a claim-by-claim basis. See Fielder v. Verner, 379 F.3d 113 (3d Cir. 2004), cert. denied, 543 U.S. 1067 (2005); Sweger v. Chesney, 294 F.3d 506 (3d Cir. 2002).

Here, Plaintiff has alleged no facts suggesting that the limitations period for any of his viable[8] claims should be measured from any date other than the date that his conviction became final, under § 2244(d)(1)(A). Thus, evaluation of the timeliness of this § 2254 petition requires a determination of, first, when the pertinent judgment became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending."

A state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court. See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); U.S. Sup. Ct. R. 13. A state court's grant of leave to file an out-of-time direct appeal resets the date when the conviction becomes final under § 2244(d)(1). Jimenez v. Quartermain, 555 U.S. 113 (2009).

Here, Petitioner's conviction became final on December 9, 2004, ninety days after the Supreme Court of New Jersey denied certification on September 10, 2004. Thus, he had until December

---

[8] That the factual predicate of Petitioner's claims related to his post-conviction relief proceedings, or the performance of counsel in those proceedings, did not arise until after the date Petitioner's conviction became final is not relevant, as those claims do not provide a basis for federal habeas relief.

9, 2005, to file his federal habeas petition, unless there is some grounds to toll the limitations period.

To statutorily toll the limitations period, a state petition for post-conviction relief must be "properly filed."

> An application is "filed," as that term is commonly understood, when it is delivered to, and accepted by the appropriate court officer for placement into the official record. And an application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. In some jurisdictions the filing requirements also include, for example, preconditions imposed on particular abusive filers, or on all filers generally. But in common usage, the question whether an application has been "properly filed" is quite separate from the question whether the claims contained in the application are meritorious and free of procedural bar.

Artuz v. Bennett, 531 U.S. 4, 8-9 (2000) (citations and footnote omitted) (finding that a petition was not "[im]properly filed" merely because it presented claims that were procedurally barred under New York law on the grounds that they were previously determined on the merits upon an appeal from the judgment of conviction or that they could have been raised on direct appeal but were not).

Where a state court has rejected a petition for post-conviction relief as untimely, however, it was not "properly filed" and the petitioner is not entitled to statutory tolling under § 2244(d)(2). Pace v. Diguglielmo, 544 U.S. 408 (2005).

This is so even where, in the alternative, the state court addresses the merits of the petition in addition to finding it untimely. Carey v. Saffold, 536 U.S. 214, 225-26 (2002).

An application for state post-conviction relief is considered "pending" within the meaning of § 2244(d)(2), and the limitations period is statutorily tolled from the time it is "properly filed," during the period between a lower state court's decision and the filing of a notice of appeal to a higher court, Carey v. Saffold, 536 U.S. 214 (2002), and through the time in which an appeal could be filed, even if the appeal is never filed, Swartz v. Meyers, 204 F.3d at 420-24. More specifically, "The time that an application for state post conviction review is 'pending' includes the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, provided that the filing of the notice of appeal is timely under state law." Evans v. Chavis, 546 U.S. 189, 191 (2006) (finding that time between denial of post-conviction relief and filing of appeal was not tolled where appeal was untimely, even where state considered untimely appeal on its merits). However, "the time during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one year statute of limitations under 28 U.S.C. § 2244(d)(2)." Stokes v. District Attorney of the

County of Philadelphia, 247 F.3d 539, 542 (3d Cir.), cert. denied, 534 U.S. 959 (2001).

The limitations period of § 2244(d) also is subject to equitable tolling. Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.), cert. denied, 534 U.S. 944 (2001); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999); Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998). Equitable tolling applies

> only when the principles of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing the claims. Mere excusable neglect is not sufficient.

Miller, 145 F.3d at 618-19 (citations and punctuation marks omitted). Among other circumstances, the Court of Appeals for the Third Circuit has held that equitable tolling may be appropriate "if the plaintiff has timely asserted his rights mistakenly in the wrong forum," i.e., if a petitioner has filed a timely but unexhausted federal habeas petition. Jones, 195 F.3d at 159. See also Duncan v. Walker, 533 U.S. 167, 183 (2001) (Stevens, J., joined by Souter, J., concurring in part) ("neither the Court's narrow holding [that the limitations period is not statutorily tolled during the pendency of a premature federal habeas petition], nor anything in the text or legislative history of AEDPA, precludes a federal court from deeming the limitations

period tolled for such a petition as a matter of equity"); 533 U.S. at 192 (Breyer, J., dissenting, joined by Ginsburg, J.) (characterizing Justice Stevens's suggestion as "sound").

Here, Petitioner filed his first, timely, state habeas petition on January 3, 2005, 25 days after his conviction became final. Accordingly, the limitations period was tolled until June 21, 2010, when the Supreme Court of New Jersey denied certification with respect to that Petition. As of June 21, 2010, Petitioner had 340 days remaining on his one-year federal limitations period, or until May 27, 2011, barring some other basis for statutory or equitable tolling. More specifically, barring some other basis for statutory or equitable tolling, Petitioner had until May 27, 2011, a Friday, to place his federal habeas petition into the prison mail system.

There does not appear to have been any further basis for statutory or equitable tolling. The second and third state habeas petitions were not timely filed under state law; accordingly, they cannot toll the federal limitations period. As to the issue of equitable tolling, Petitioner alleges in his brief that he was advised by his public defender that he needed to file a federal petition for writ of habeas corpus within one year of July 9, 2010.[9] Ineffective assistance of counsel is not generally considered an extraordinary circumstance, justifying

---

[9] The basis for the July 9 date is not clear.

equitable tolling, where the ineffectiveness is due to counsel's negligence or mistake. See, e.g., Fahy, 240 F.3d at 244 ("In non-capital cases, attorney error, miscalculation, inadequate research, ore other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling."); Johnson v. Hendricks, 314 F.3d 159 (3d Cir. 2002) (applying Fahy rule where state PCR counsel provided erroneous advice as to federal habeas filing deadline), cert. denied, 538 U.S. 1022 (2003). Thus, any erroneous advice by Petitioner's state PCR counsel regarding the federal habeas filing deadline does not provide a basis for equitable tolling.

Petitioner did not place his Petition into the prison mail system until at least June 7, 2011, after receiving from prison officials the necessary account certification for his application to proceed in forma pauperis. Thus, it appears that the Petition is time-barred and this Court will order Petitioner to show cause why the Petition should not be dismissed with prejudice.

B. "Mason" Notice

This Court is required by Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), to notify Petitioner of certain consequences of filing a § 2254 Petition under the Antiterrorism and Effective Death Penalty Act ("AEDPA") and to give Petitioner an opportunity to file one all-inclusive § 2254 Petition.

As noted above, under the AEDPA, prisoners challenging the legality of their detention pursuant to the judgment of a State court must marshal in one § 2254 Petition all the arguments they have to collaterally attack the State judgment and, except in extremely limited circumstances, file this one all-inclusive Petition within one year of the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of the time for seeking such review. See 28 U.S.C. § 2244(d).

Should Petitioner contend that his Petition is timely, he must notify the Court whether he wishes (a) to have the Petition ruled upon as filed or (b) to withdraw the Petition and file one all-inclusive petition within the limitations period. If Petitioner chooses option (a) above, then Petitioner will lose the ability to file a second or successive petition under § 2254, absent certification by the Court of Appeals for the Third Circuit and extraordinary circumstances. This Court makes no finding as to whether any later-filed petition would be timely.

C. Application for Appointment of Counsel

Petitioner has asked this Court to appoint counsel to represent him in this proceeding. In support of his application, Petitioner asserts that he is indigent, that his case is complex, and that "the obvious meritorious issues require effective assistance of counsel."

There is no absolute constitutional right to appointed counsel in a federal habeas corpus proceeding. See Coleman v. Thompson, 501 U.S. 722, 752 (1991); Reese v. Fulcomer, 946 F.2d 247, 263 (3d Cir. 1991), cert. denied, 503 U.S. 988 (1992), superseded on other grounds by statute, 28 U.S.C. § 2254(d). Pursuant to 18 U.S.C. § 3006A(a)(2)(B), however, this Court may appoint counsel to represent an indigent habeas petitioner if it determines "that the interests of justice so require." See also 28 U.S.C. § 1915(e) (permitting appointment of counsel for indigent civil litigants proceeding in forma pauperis).

In exercising its discretion under §3006A,

> the district court must first decide if the petitioner has presented a nonfrivolous claim and if the appointment of counsel will benefit the petitioner and the court. Factors influencing a court's decision include the complexity of the factual and legal issues in the case, as well as the pro se petitioner's ability to investigate facts and present claims. Courts have held, for example, that there was no abuse of a district court's discretion in failing to appoint counsel when no evidentiary hearing was required and the issues in the case had been narrowed, or the issues were "straightforward and capable of resolution on the record," or the petitioner had "a good understanding of the issues and the ability to present forcefully and coherently his contentions."

Reese, 946 F.2d at 263-4 (citations omitted).

This standard is essentially the same as that applied under 28 U.S.C. § 1915(e). See Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997). In determining whether to appoint counsel to

civil litigants proceeding in forma pauperis, a court should consider the following factors:

> As a preliminary matter, the plaintiff's claim must have some merit in fact and law. ... If the district court determines that the plaintiff's claim has some merit, then the district court should consider the following factors:
>
> (1) the plaintiff's ability to present his or her own case;
>
> (2) the complexity of the legal issues;
>
> (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;
>
> (4) the amount a case is likely to turn on credibility determinations;
>
> (5) whether the case will require the testimony of expert witnesses;
>
> (6) whether the plaintiff can attain and afford counsel on his own behalf.
>
> [Tabron v. Grace, 6 F.3d 147, 155-56, 157 n.5 (3d Cir. 1993), cert. denied, 510 U.S. 1196 (1994).] This list of factors is not exhaustive, but instead should serve as a guide post for the district courts.
>
> Correspondingly, courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases. Id. at 157.

Parham, 126 F.3d at 457-58.

Analysis of these factors reveals that appointment of counsel is not appropriate at this time. As an initial matter, it appears that the Petition is subject to dismissal as time-barred. In addition, it is clear that Petitioner has an encyclopedic knowledge of the facts and law relevant to his asserted grounds for relief. There will be no need to develop any facts or hear from any expert witnesses; to the contrary, it appears that the case will be capable of resolution based upon

the state court record. For the foregoing reasons, the application for appointment of counsel will be denied.

## IV. CONCLUSION

For the reasons set forth above, Petitioner will be ordered to show cause why the Petition should not be dismissed with prejudice as untimely. An appropriate order follows.

Dennis M. Cavanaugh
United States District Judge

Dated: 8/1/12