<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

AGUSTIN GARCIA,

   Petitioner,

v.

GREG BARTKOWSKI,

   Respondents.

Civil Action No. 11-3689 (DRD)

OPINION

**APPEARANCES**:

  AGUSTIN GARCIA, #822642B
  New Jersey State Prison
  P.O. Box 861
  Trenton, New Jersey 08625
    *Petitioner Pro Se*

  ANNMARIE COZZI, ASSISTANT PROSECUTOR
  BERGEN COUNTY PROSECUTOR
  10 Main Street
  Hackensack, New Jersey 07601
    *Attorneys for Respondents*

**Debevoise, Senior U.S. District Judge**

  Agustin Garcia filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging a judgment of conviction filed in the Superior Court of New Jersey, Bergen County, on February 1, 2002, and amended on May 13, 2004, after a jury found him guilty of the murder of Gladys Ricart, his former girlfriend, and related charges. The State filed an Answer limited to the statute of limitations and Garcia filed several documents in opposition. After carefully reviewing the arguments of the parties and the state court record, this Court will deny habeas relief as time barred and decline to issue a certificate of appealability.

# I. BACKGROUND

## A. The Crime

The Appellate Division of the Superior Court of New Jersey outlined the facts as follows:

> The convictions arose out of an incident in which defendant appeared at his former girlfriend's wedding as an uninvited guest and shot and killed her at close range in the presence of witnesses, including children. The shooting was captured by the wedding videographer on high resolution video tape, which was copied exactly by Ridgefield Police Lieutenant David Cassirer to a VHS tape for viewing in court. Contrary to what the tape revealed, defendant testified that after he entered the bride's house where the wedding was being held, her brother and others attacked him, he reached for his gun to protect himself, and at some point during the struggle he blacked out and learned that the bride had been killed. Defendant also claimed that upon learning of the bride's death, he stated he wanted to kill himself. After the final shot, defendant was restrained when he attempted to reload the gun.

State v. Garcia, 2009 WL 3808269 at *1 (N.J. Super. Ct., App. Div., Nov. 6, 2009).

## B. The State Court Proceedings

On February 1, 2002, the trial judge sentenced Garcia to life in prison, with 30 years of parole ineligibility for murder, a consecutive four-year term for third-degree unlawful possession of a weapon, and two concurrent four-year terms for endangering the welfare of a child. Garcia appealed. On May 11, 2001, the Appellate Division affirmed the convictions and sentences imposed on the murder and weapons offenses, but reversed the convictions for endangering the welfare of a child. (ECF No. 23-2.) On May 13, 2004, the trial court filed an amended judgment of conviction. The New Jersey Supreme Court denied certification on September 10, 2004. See State v. Garcia, 181 N.J. 545 (2004).

The parties dispute the date on which Garcia filed his first petition for post-conviction relief in the trial court. Garcia maintains that he filed it on January 3, 2005, the date on his cover letter addressed to the trial court. (ECF No. 23-6 at 1.) Respondent contends that the filing date is

2

May 13, 2005, the date of the trial court's date stamp on the cover letter and on the first page of the post-conviction relief petition. (ECF No. 23-6 at 1, 2.) On May 4, 2007, the trial court denied the first petition for post-conviction relief on the merits, without conducting an evidentiary hearing. See State v. Garcia, 2009 WL 3808269 at *1 (N.J. Super. Ct., App. Div., Nov. 6, 2009). Garcia appealed, and on November 6, 2009, the Appellate Division affirmed. Id. On June 21, 2010, the New Jersey Supreme Court denied certification. See State v. Garcia, 202 N.J. 348 (2010).

Garcia filed his second petition for post-conviction relief ("PCR") on April 15, 2008. See State v. Garcia, 2011 WL 3516933 (N.J. Super. Ct., App. Div., Aug. 12, 2011). On February 17, 2010, the trial court denied relief without conducting an evidentiary hearing. On August 12, 2011, the Appellate Division affirmed on the ground that the second PCR application was untimely under New Jersey Court Rules. Id. The New Jersey Supreme Court denied certification on March 9, 2012. See State v. Garcia, 209 N.J. 596 (2012).

Garcia filed his third PCR petition on November 10, 2010. (ECF No. 23 at 11.) The trial court denied it without an evidentiary hearing on December 15, 2010. See State v. Garcia, 2013 WL 2096208 (N.J. Super. Ct., App. Div., May 16, 2013). Garcia appealed, and on May 16, 2013, the Appellate Division affirmed, finding that the claims were procedurally barred because it did not rely on a new rule of constitutional law, assert that the factual predicate for the relief sought could not have been discovered earlier, or present a prima facie case of ineffective assistance of PCR counsel, as required by New Jersey Court rule 3:22-4(b)(2)(A) - (C). The New Jersey Supreme Court denied certification on February 4, 2014. See State v. Garcia, 209 N.J. 284 (2014).

**C. Procedural History of § 2254 Petition**

Garcia filed the § 2254 Petition on June 7, 2011, the date on which he signed his application to proceed in forma pauperis. (ECF No. 2 at 5.) The Clerk received it on June 20, 2011. The Petition raises the following 15 grounds, which are set forth below verbatim:

> Ground One: THE DEFENDANT WAS DENIED HIS RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL GUARANTEED BY THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION[.]
>
> Ground Two: THE STATE COURT[']S ORDERS DENYING DEFENDANT'S PETITIONS MUST BE REVERSED SINCE THE PROSECUTOR TAMPERED WITH AND WITHHELD EVIDENCE. MOREOVER, THE PROSECUTOR CONSCIOUSLY USED A NEVER ENDING PARADE OF PERJURY TESTIMONIES. ALL IN VIOLATION OF BRADY V. MARYLAND . . . , NAPUE V. ILLINOIS . . . , GIGLIO V. UNITED STATES[.]
>
> Ground Three: THE PROSECUTION FAILED TO DISCLOSE TO THE DEFENSE IMPEACHMENT EVIDENCE MATERIAL TO PETITIONER'S DEFENSE (BLATANT OBSTRUCTION OF JUSTICE)[.]
>
> Ground Four: DEFENDANT WAS DENIED THE CONSTITUTIONALLY PROTECTED RIGHT TO BE TRIED BY FAIR AND IMPARTIAL JURY, GUARANTEE[D] BY THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION: (A) THE COURT REFUSED TO ASK SUFFICIENT QUESTIONS OF JURORS TO ALLOW DEFENSE TO ESTABLISH JUROR'S BIAS, PARTICULARLY, CONFRONTED WITH THE FOLLOWING: (1) THE PRESENCE OF 50 PERCENT OF JURY POOL ADMITTING BEFORE TRIAL IN CONTEMPT OF COURT, THAT BASE[D] ON PRETRIAL PUBLICITY THEY HAD ALREADY FORMED THE OPINION THAT DEFENDANT WAS GUILTY; 13T 113-12 TO 113-19; (2) "THEY FORMED THEIR OPINION BASED ON THE PRESS ACCOUNT AND WHATNOT, AND IN ALL OF THEM BY AND LARGE OPINIONS, THE LATTER WHO WERE REHABILITATED BY THE COURT. THE OPINION WAS HE WAS GUILTY. NOBODY HAS COME IN TO EXPRESS THAT HE'S INNOCENT OR WRONGLY ACCUSED." 10T 199-22 TO 200-5; (3) EVEN PROSECUTOR AFFIRMED OPPOSING MOTION FOR CHANGE OF VENUE: "IF YOU SAW THE TELEVISION HE'S BEING BROUGHT IN THE COURTROOM IN THE BERGEN COUNTY JAIL UNIFORM WITH SHACKLES." 13t 107-14 TO 107-19[.]
>
> Ground Five: THE TRIAL COURT'S CHARGE OF PASSION/PROVOCATION MANSLAUGHTER WAS ERRONEOUS[.]

4

Ground Six: THE TRIAL COURT DENIED DEFENDANT DUE PROCESS OF LAW AND A FAIR TRIAL BY RESTRICTING HIS COUNSEL'S SUMMATION.

Ground Seven: THE TRIAL COURT ERRED BY RULING THAT THE "WEDDING VIDEOTAPE" WAS [ ] ADMISSIBLE.

Ground Eight: THE TRIAL COURT ERRED BY FAILING TO SUPPRESS DEFENDANT'S ORAL STATEMENT [WHICH] SHOULD HAVE BEEN SUPPRESSED BECAUSE DEFENDANT'S FEDERAL FIFTH, EIGHTH AND FOURTEENTH AMENDMENT[] RIGHT[S] . . . WERE EGREGIOUSLY VIOLATED WHEN STATE'S WITNESS ROBERT ANZILOTTI AFTER FLAGRANTLY VIOLATING DEFENDANT['S] MIRANDA RIGHTS, ALSO VIOLATED FEDERAL JENCKS STATUTE, BY DESTROYING HIS HAND-WRITTEN NOTES TOGETHER WITH CONCEALMENT OF INTERROGATION VIDEO TAPE, ALLOWED THE STATE TO CONCEAL THE FACTS THAT ALLEGED CONFESSION WAS COMPLETELY FABRICATED AND THAT DEFENDANT WAS IN FACT SUBJECTED TO ILLEGAL PSYCHOLOGICAL TORTURE FOR MORE THAN 10 CONSECUTIVE HOURS. THEREAFTER, STATE WITNESS ROBERT ANZILOTTI REPEATEDLY COMMITTED PERJURY WHILE TESTIFYING AT MIRANDA HEARING CONCERNING DEFENDANT'S ALLEGED STATEMENT.

Ground Nine: THE DEFENDANT'S SENTENCE WAS EXCESSIVE.

Ground Ten: DEFENDANT'S CONSTITUTIONAL PROCEDURAL DUE PROCESS OF LAW RIGHT, GUARANTEED TO HIM BY THE FIFTH AND FOURTEENTH AMENDMENTS OF THE U.S. CONSTITUTION, WAS FLAGRALNTLY VIOLATED WHEN PCR COURT ARBITRARILY DENIED HIS DISCOVERY MOTIONS FOR PRODUCTION BY THE STATE OF CRITICAL DISCOVERY ESSENTIAL AND/OR INDISPENSABLE TO A FAIR, ROUNDED DEVELOPMENT OF MATERIAL FACTS AND/OR DEFENDANT'S MERITORIOUS ISSUES.

Ground Eleven: THE LOWER COURT ORDER DENYING THE PETITION MUST BE REVERSE[D] SINCE DEFENDANT RECEIVED INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL WHO PROVIDED ASSISTANCE WITH EGREGIOUS REPRESENTATION WHEN HE FAILED TO RAISE THE OBVIOUS MERITORIOUS ISSUES RAISED ON THIS PETITION.

5

Ground Twelve: THE LOWER COURT ORDER DENYING THE PETITION MUST BE REVERSE[D] SINCE THE PROSECUTOR TAMPERED WITH AND WITHHELD MATERIAL AND RELEVANT EXCULPATORY EVIDENCE.

Ground Thirteen: THE LOWER COURT ERRED IN NOT GRANTING DEFENDANT'S REQUEST FOR AN EVIDENTIARY HEARING AND TYHE LOWER COURT MUST THEREFORE BE REVERSED.

Ground Fourteen: THE LOWER COURT ERRED WHEN IT ARBITRARILY DENIED WITHOUT RULING ON THE MERIT OF FOLLOWING TIMELY AND PROPERLY FILED DEFENDANT'S MOTIONS: (1) MOTION TO COMPEL PAYMENT FOR THE SERVICES OF AN AUDIBILITY EXPERT TO TEST THE WEDDING VIDEO TAPE . . . ; (2) MOTION TO COMPEL PAYMENT FOR THE SERVICES OF A DNA EXPERT TO TEST "THE SHEETS OF HIS BED FROM WHICH HE MAINTAINED WOUD CONTAIN THE DNA MATERIAL BELONG[ING] TO MS. RICART. DEFENDANT MAINTAINS THAT THE SHEETS, HAD THEY BEEN TESTED, WOULD HAVE PROVED THAT DEFENDANT AND MS. RICART HAD HAD SEXUAL RELATIONSHIP DURING THE MORNING HOURS BEFORE THE WEDDING, THEREBY SUPPORTING DEFENDANT'S VERSION OF EVENTS AND CONTRADICTING THE STATE'S THEORY OF THE CASE . . . ; (3) MOTION TO COMPEL PRODUCTION OF TYHE ORIGINAL VIDEO TAPES . . . ; (4) MOTION TO DISQUALIFY F.S. AS THE PROSECUTOR . . . ; (5) MOTION TO DISQUALIFY JUDGE MEEHAN FROM HANDLING THE CASE . . . . THE MOTION IS BASED ON STATEMENTS MADE BY JUDGE MEEHAN DURING PRE-TRIAL PROCEEDINGS, JURY SELECTION AND SENTENCING PROCEEDINGS. DEFENDANT SUBMITS THAT THESE STATEMENTS "EVIDENCED A PREDISPOSITION AS TO THE DEFENDANT'S GUILT PRIOR TO TRIAL . . ."

Ground Fifteen: THIS MATTER SHOULD BE REVERSED AND/OR REMANDED BECAUSE IT PRESENTS A CLEAR <u>ACTUAL INNO[CE]NCE CASE</u>. WHEREAS COURT'S CONSTITUTIONAL ERRORS CAUSED ERRONEOUS MURDER GUILTY CONVICTION INSTEAD OF PASSION/PROVOCATION MANSLAUGHTER CONVICTION.

(ECF No. 1 at 21, 30, 33, 38, 43, 48, 52, 56, 58, 60, 62, 65, 67, 70, 74.)

Prior to ordering an answer, Judge Cavanaugh ordered Garcia to show cause in writing why the Petition should not be dismissed as barred by the one year statute of limitations set forth in 28 U.S.C. § 2244(d). (ECF No. 3.) In an Opinion accompanying the Order, Judge Cavanaugh

observed that the statute of limitations appeared to have begun on December 9, 2004, when the time to file a petition for certiorari expired. (ECF No. 2 at 9.) Judge Cavanaugh observed that the limitations period apparently ran for 25 days until it was statutorily tolled, pursuant to 28 U.S.C. § 2244(d)(2), by Garcia's filing of his first PCR petition on January 3, 2005, and that tolling continued until June 21, 2010, the date on which the New Jersey Supreme Court denied certification with respect to that petition. (ECF No. 2 at 13.) Judge Cavanaugh noted that the limitations period picked up at day 26 on June 22, 2010, and expired 340 days later on Friday, May 27, 2011. Judge Cavanaugh determined that the one year limitations period was not statutorily tolled, pursuant to § 2244(d)(2), during the pendency of Garcia's second and third PCR petitions because those petitions were untimely under New Jersey law and, therefore, were not "properly filed" within the meaning of § 2244(d)(2). Because the statute of limitations expired on May 27, 2011, and Garcia did not hand his § 2254 Petition to prison officials for mailing to the Clerk of this Court until June 6, 2011, at the earliest, the Petition appeared to be 10 days late. Judge Cavanaugh rejected Garcia's contention that he was entitled to equitable tolling where Garcia alleged that his post-conviction relief counsel told him that his federal petition would be timely if he filed it on or before July 9, 2011. Id. at 13-14. Judge Cavanaugh directed Garcia to show cause in writing why his § 2254 Petition should not be dismissed as time barred.

     Garcia filed 12 responses to the Order to Show Cause, generally arguing that the Petition was timely and that equitable tolling was warranted. (ECF Nos. 6-17.) On April 22, 2014, the Court ordered service of the Petition, directed Respondent to file an answer and record limited to the timeliness of the Petition, and allowed Garcia to file a reply. (ECF No. 19.) On July 18, 2014, Respondent filed an Answer, arguing that this Court should dismiss the Petition as time

barred. (ECF Nos. 23, 26.) Garcia filed five documents in response to the Answer. (ECF Nos. 28-31.)

## II. DISCUSSION

### A. Statute of Limitations

The Anti-Terrorism and Effective Death Penalty Act's 365-day statute of limitations begins on the latest of the following dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence . . . .

28 U.S.C. § 2244(d)(1).

Section 2244(d)(2) requires statutory tolling under the following circumstances: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). An application is "filed" when it "is delivered to, and accepted by, the appropriate court officer for placement into the official record." Artuz v. Bennett, 531 U.S. 4, 8 (2000) (citations omitted). An application is "properly" filed

> when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the

8

> document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee . . . . In some jurisdictions the filing requirements also include, for example, preconditions imposed on particular abusive filers, or on all filers generally . . . . But in common usage, the question whether an application has been "properly filed" is quite separate from the question whether the claims contained in the application are meritorious and free of procedural bar.

Artuz, 531 U.S. at 8-9 (citations omitted); see also Allen v. Siebert, 552 U.S. 3 (2007) (petition for state post-conviction relief that was rejected by the state courts as untimely is not "properly filed" under § 2244(d)(2)).

In this case, the statute of limitations is governed by § 2244(d)(1)(A). The New Jersey Supreme Court denied certification on direct review on September 10, 2004, and the time to file a petition for certiorari in the United States Supreme Court expired 90 days later on December 9, 2004. See Gonzalez v. Thaler, 132 S.Ct. 641, 653-54 (2012); Wali v. Kholi, 131 S. Ct. 1278, 1282 (2011); Lawrence v. Florida, 549 U.S. 327, 332-333 (2007); Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003). The limitations period began the next day, on December 10, 2004, and ran until the date on which Garcia filed his first PCR petition in the trial court. Because nothing indicates that this first post-conviction relief petition was not properly filed, the filing date triggered statutory tolling under 28 U.S.C. § 2244(d)(2).

The parties dispute the date of filing of Garcia's first PCR petition. Garcia contends that, because he signed his first petition for post-conviction relief on January 3, 2005, and the cover letter is dated January 3, 2005, under the mailbox rule, this Court should consider it to have been

9

filed on that date.[1]  See Houston v. Lack, 487 U.S. 266 (1988).  Respondent argues that the filing date is May 13, 2005, insofar as the New Jersey Superior Court date stamped the cover letter and the first page of the petition on that date.  This Court notes that the parties acknowledge the existence of a New Jersey State Prison postage remit signed by Garcia on January 22, 2005.  (ECF No. 28.3.)  The postage remit is date stamped January 24, 2005, and it reflects an $8.00 charge on that date to send certified mail to the Superior Court of New Jersey in Bergen County.  Id.  The parties also acknowledge that on January 26, 2005, someone signed a certified mail return receipt addressed to that court.  Id.

The Supreme Court held in Artuz that the question of the proper filing of a state post-conviction relief application is a matter of state procedural law governing post-conviction filings.  See Artuz, 531 U.S. at 8 ("And an application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings.") (emphasis in original); see also Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005) ("When a postconviction relief petition is untimely under state law, that [is] the end of the matter for purposes of § 2244(d)(2)") (internal quotation marks and citation omitted).  Thus, Garcia's statute of limitations tolled on the date, under New Jersey law, that his first petition for post conviction relief was "filed."  See Jenkins v. Superintendent of Laurel Highlands, 705 F.3d 80, 83 n.1 (3d Cir. 2013) ("Pursuant to the Pennsylvania prisoner mailbox rule, the date of delivery of the PCRA petition by the defendant to

---

[1] Garcia states that he "actually filed his first PCR on May 30, 2004,", and that he sent an amended petition to the court on December 14, 2004.  (ECF No. 28 at 2.)  This Court rejects these contentions because the record provides no support for these dates and Garcia has provided nothing to substantiate his assertion.

the proper prison authority or to a prison mailbox is considered the date of filing of the petition") (citation and internal quotation marks omitted); Douglas v. Horn, 359 F.3d 257, 262 (3d Cir. 2004) (court "must look to state law governing when a petition for collateral relief is properly filed.") (quoting Fahy v. Horn, 240 F.3d 239, 243 (3d Cir. 2001)).[2]

This Court's research indicates that the New Jersey Supreme Court has not squarely considered whether the prisoner mailbox rule applies to a prisoner's filing a post-conviction relief petition. This Court found only one New Jersey court opinion, an unpublished Appellate Division opinion, considering the prisoner mailbox rule and citing Houston v. Lack, 487 U.S. 266 (1988). See Oliver v. Lee, 2012 WL 1414081 (N.J. Super. Ct., App. Div., April 25, 2012). In that case, the Appellate Division declined to decide whether the mailbox rule applied to a prisoner's request to extend the time to file a claim under the New Jersey Tort Claims Act because the prisoner provided no evidence of the date on which he handed the document to prison officials. However, in State v. Culley, 250 N.J. Super. 558 (App. Div. 1991), without citing Houston or discussing the prisoner mailbox rule, the Appellate Division held that Culley's post-conviction relief petition, which was dated November 1, 1989, and stamped by a judge's chambers as "received" on

---

[2] See also Orpiada v. McDaniel, 750 F.3d 1086 (9th Cir. 2014) (applying Nevada law to determine that mailbox rule did not govern the filing of a state post-conviction relief application with respect to § 2244(d)(2)); Ray v. Clements, 700 F.3d 993, 995 (7th Cir. 2012) (holding that "the prisoner mailbox rule governs whether a state post-conviction document is 'properly filed' under the AEDPA limitations period unless the state has clearly rejected it."); Fernandez v. Artuz, 402 F.3d 111 (2d Cir. 2005) (because New York law set no time limit for filing of a coram nobis petition and the state courts had not considered whether the prisoner mailbox rule governed the filing date of such a petition, the Ninth Circuit held that the coram nobis petition was filed when prisoner handed it to prison officials for mailing to state court); Garcia v. Shanks, 351 F.3d 468 (10th Cir. 2003) (holding that, where New Mexico's rules required receipt by the clerk, New Mexico prisoner's state post-conviction relief petition was filed on date the state court clerk received it).

11

November 15, 1989, was untimely because it was filed on November 15, 1989, which was six days after the five-year statute of limitations expired on November 9, 1989 (five years after he was sentenced on November 9, 1984).

The postage remit Garcia presented to this Court shows that he handed his first PCR petition to prison officials, with a request for deducting the cost of postage from his prisoner account, on January 22, 2005, even though he signed the petition itself on January 3, 2005. The return receipt addressed to the Superior Court Criminal Division indicates that the court received the petition on January 26, 2005. The record shows, therefore, that Garcia handed his petition to prison officials for mailing with postage on January 22, 2005, and that the court received it on January 26, 2005. Applying the mailbox rule, this Court finds that 44 days ran on the statute of limitations, or from December 10, 2004, see State v. Garcia, 181 N.J. 545 (2004), until January 22, 2005 (date on which Garcia handed first PCR to prison officials for mailing) when tolling began. The statute of limitations picked up again at day 45 on June 21, 2010, when the New Jersey Supreme Court denied certification on the first PCR petition, see State v. Garcia, 202 N.J. 348 (2010), and ran for the next 321 days until it expired on Monday, May 9, 2011.[3] Because Garcia did not sign his affidavit filed with his § 2254 Petition until June 7, 2011, the Petition was filed 30 days late, absent additional statutory or equitable tolling.

Alternatively, even if this Court were to assume that January 3, 2005, was the date on which Garcia's first post-conviction relief petition was filed, then Garcia's § 2254 Petition was

---

[3] Because the 321st day is Sunday, May 8, 2011, this Court will use the following work day as the expiration date.

nevertheless filed 11 days after the 365-day statute of limitations expired. In that case, the 365-day statute of limitations began to run on December 10, 2004, as in the prior calculation. If Garcia's first petition for post-conviction relief was filed on January 3, 2005, then 25 days elapsed on the 365-day limitations period by the time it was statutorily tolled on January 3, 2005; tolling continued until June 21, 2010, the date on which the New Jersey Supreme Court denied certification. In the absence of further statutory or equitable tolling, the statute of limitations picked up on June 22, 2010, at day 26 and it expired 340 days later on Friday, May 27, 2011. As Garcia handed his § 2254 Petition to prison officials on June 7, 2011, the Petition was out of time by 11 days, absent additional statutory or equitable tolling.

Statutory tolling is not available for Garcia's second PCR petition because it was not properly filed within the meaning of § 2244(d)(2). Although Garcia filed his second state PCR petition on April 15, 2008, see State v. Garcia, 2011 WL 3516933 (N.J. Super. Ct., App. Div., Aug. 12, 2011), and the New Jersey Supreme Court denied certification on March 9, 2012, see State v. Garcia, 209 N.J. 596 (2012), the Appellate Division found that the second PCR petition was time barred under New Jersey Court Rule 3:22-12 because it was filed more than five years after the date the judgment of conviction was entered. See Garcia, 2011 WL 3516933 at *4 ("We have considered defendant's argument that there is sufficient evidence supporting excusable neglect to warrant a waiver of the time bar imposed by *Rule* 3:22-12(a) and are not persuaded."). Because the second PCR petition was time barred pursuant to N.J. Court Rule 3:22-12(a),[4] it was

---

[4] N.J. Court Rule 3:22-12(a)(1) provides that "no petition shall be filed pursuant to this rule more than 5 years after the date of entry pursuant to Rule 3:21-5 of the judgment of conviction that is being challenged unless it alleges facts showing that the delay beyond said time was due to

not "properly filed" and it did not statutorily toll the 365-day statute of limitations under § 2244(d)(2). See Pace, 544 U.S. at 414 ("When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)") (quoting Carey v. Saffold, 536 U.S. 214, 226 (2002); see also Allen v. Siebert, 552 U.S. 3, 7 (2007) ("Because Siebert's petition for state postconviction relief was rejected as untimely by the Alabama courts, it was not 'properly filed' under § 2244(d)(2).").

Similarly, the limitations period was not statutorily tolled by Garcia's third PCR petition, which he filed on November 10, 2010, two years after he filed his untimely second PCR petition. The Appellate Division affirmed the dismissal of the third PCR petition on the ground that Garcia failed to assert a basis for relief pursuant to N.J. Court Rule 3:22-4(b)(2), which provides that a second or subsequent PCR petition "shall be dismissed unless" it relies on a new rule of

---

defendant's excusable neglect and that there is a reasonable probability that if the defendant's factual assertions were found to be true enforcement of the time bar would result in a fundamental injustice." Rule 3:22-12(a)(2) extends the statute of limitations for an additional year after the latest of three dates, i.e., the date on which the constitutional right asserted was initially recognized by the United States Supreme Court of New Jersey Supreme Court if that right was newly recognized and made retroactive, or the date on which the factual predicate for the relief sought was discovered, or the date of the denial of the first or subsequent petition for post-conviction relief where ineffective assistance of counsel that represented the defendant on the first or subsequent PCR petition is being alleged. The Appellate Division explained in State v. Brewster, 429 N.J. Super. 387, 398 (App. Div. 2013), that *Rule* 3:22-12(a)(1) sets a five-year time limitation for the filing of a PCR petition, unless the petition itself shows excusable neglect for the late filing . . . . By its subsection (a)(2), *Rule* 3:22-12 allows an additional one-year limitation period if the courts recognize a new constitutional right or defendant discovers a previously unknown factual predicate justifying relief from the conviction." The court applied subsections (a)(1) and (a)(2) to Brewster's first PCR petition, even though subsection (a)(2) refers to a second or subsequent petition because "[t]he amended rule would be anomalous if it deemed timely a second or third PCR petition based on a new constitutional right or a factual predicate newly-discovered but did not afford the same time period for a first PCR petition raising the same ground for relief." Brewster, 429 N.J. Super. at 399 n.4.

14

constitutional law, or it relies on a factual predicate that could not have been discovered earlier, or it alleges ineffective assistance of prior PCR counsel. See State v. Garcia, 2013 WL 2096208 (N.J. Super. Ct., App. Div., May 16, 2013). The third PCR petition did not trigger statutory tolling under § 2244(d)(2) because, like the second PCR petition, the third PCR petition was also time barred under N.J. Court Rule 3:22-12(a).

This Court notes that the Appellate Division did not expressly find that the third PCR petition was time barred. In the absence of a "clear indication" by the state courts that an application is untimely, the federal court "must itself examine the delay in each case and determine what the state courts would have held in respect to timeliness." Evans v. Chavis, 546 U.S. 189, 198 (2006); accord Jenkins, 705 F.3d at 85-86 ("But if a state court fails to rule clearly on the timeliness of an application, a federal court 'must . . . determine what the state courts would have held in respect to timeliness.'") (quoting Evans, 546 U.S. at 198)). In this case, the New Jersey courts did not reach the merits of Garcia's third PCR petition or consider timeliness, but found that it was barred by N.J. Court Rule 3:22-4(b). However, there is no doubt that, had they considered timeliness, the New Jersey courts would have found that Garcia's third PCR petition, which was filed two years after his untimely second PCR petition, was also untimely under N.J. Court Rule 3:22-12(a)(1), since it was filed more than five years after the judgment of conviction. The third PCR petition was also untimely under N.J. Court Rule 3:22-12(a)(2) because, while Garcia claimed in in the third PCR petition that counsel representing him in his first PCR petition was ineffective, the Appellate Division's opinion affirming the denial of the third PCR petition found that Garcia "ha[d] not alleged a prima facie case of ineffective assistance of PCR counsel."

15

Garcia, 2013 WL 2096208 at*3.  Accordingly, the third PCR petition was untimely, it was not properly filed, and it did not trigger statutory tolling under § 2244(d)(2).

**B.    Equitable Tolling**

Garcia argues that equitable tolling is warranted because he filed his § 2254 Petition within one year of the New Jersey Supreme Court's order of June 21, 2010, denying certification of the Appellate Division opinion's affirming the denial of his first PCR petition relief, in accordance with the advice of his PCR counsel.[5]  The one year statute of limitations is subject to equitable tolling.  See McQuiggin v. Perkins, 133 S.Ct. 1924, 1931 (2013); Holland v. Florida, 560 U.S. 631, 645 (2010); Ross v. Varano, 712 F.3d 784, 798-800 (3d Cir. 2013).  A court extends the remedy of equitable tolling "only sparingly," "when principles of equity would make the rigid application of a limitation period unfair."  Jenkins, 705 F.3d at 89 (citations and internal quotation marks omitted).  A habeas "'petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'"  McQuiggin, 133 S.Ct. at 1931 (quoting Holland, 560 U.S. at 649) (internal quotation marks omitted).  A court must "exercise judgment in light of prior precedent, but with awareness of the fact that specific circumstances, often hard to predict in advance, could warrant special treatment in an appropriate case."  Holland, 560 U.S. at 650.

Although "a garden variety claim of excusable neglect, such as a simple miscalculation that leads a lawyer to miss a filing deadline, does not warrant equitable tolling," Holland, 569 U.S. at 652 (citations and internal quotation marks omitted), extraordinary circumstances may be

---

[5] Garcia filed numerous repetitive certifications, primarily concerning the merits of his claims.

found where unprofessional attorney conduct is egregious or where a client is effectively abandoned by his lawyer. Id. at 651. Other potentially extraordinary situations may be found on the basis of "inability to read or understand English, combined with denial of access to translation or legal assistance," Pabon v. Mahanoy, 654 F.3d 385, 400 (3d Cir. 2011), and "where a court has misled a party regarding the steps that the party needs to take to preserve a claim." Munchinski v. Wilson, 694 F.3d 308, 329-330 (3d Cir. 2012) (quoting Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir. 2005)).

In this case, Garcia first claims that his attorney incorrectly told him that his federal habeas petition would be timely if he filed it by June 21, 2011 (one year after the New Jersey Supreme Court denied certification on his first PCR petition). This Court agrees with Judge Cavanaugh that Garcia's attorney error claim is the sort of "garden variety" claim that does not warrant equitable tolling. See Holland, 569 U.S. at 652; LaCava v. Kyler, 398 F.3d 271276 (3d Cir. 2005).

To summarize, Garcia handed his § 2254 Petition to prison officials for mailing to the Clerk of this Court after the 365-day statute of limitations expired. Because he is not entitled to statutory tolling regarding his second and third PCR petitions and he has not shown that extraordinary circumstances prevented him from timely filing his Petition, this Court finds that the Petition is time barred.

### III.   CERTIFICATE OF APPEALABILITY

The AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court denies a certificate of appealability because jurists of reason would not find it

debatable that dismissal of the Petition as time barred is correct. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## IV.   CONCLUSION

This Court dismisses the Amended Petition with prejudice and denies a certificate of appealability.

    s/Dickinson R. Debevoise
DICKINSON R. DEBEVOISE
U.S.S.D.J.

Dated:   February 27, 2015

18