<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

AGUSTIN GARCIA,

       Petitioner,                   Civil Action No. 11-3689 (DRD)

    v.

GREG BARTKOWSKI,                       **OPINION**

       Respondents.

**APPEARANCES**:

        AGUSTIN GARCIA, #822642B
        New Jersey State Prison
        P.O. Box 861
        Trenton, New Jersey 08625
            *Petitioner Pro Se*

        ANNMARIE COZZI, ASSISTANT PROSECUTOR
        BERGEN COUNTY PROSECUTOR
        10 Main Street
        Hackensack, New Jersey 07601
            *Attorneys for Respondents*

**Debevoise, Senior U.S. District Judge**

On February 27, 2015, the Court denied Agustin Garcia's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging a judgment of conviction filed in the Superior Court of New Jersey, Bergen County, on February 1, 2002, and amended on May 13, 2004, after a jury found him guilty of the murder of Gladys Ricart, his former girlfriend, and related charges. Garcia now moves for reconsideration of denial of his Petition. The motion for reconsideration will be denied.

L. Civ. R. 7.1(i) provides for reconsideration upon a showing that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision. Reconsideration is an extraordinary remedy and granted sparingly. The three principal grounds for relief are (1) an intervening change in controlling law has occurred; (2) evidence not previously availably has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice. The motion can succeed only if the overlooked matters might reasonably have resulted in a different conclusion by the court. Garcia advances no change in controlling law nor evidence not previously available that has become available. He must be relying on a clear error of law or prevention of manifest injustice argument.

Garcia maintains that this Court "completely ignored" that the state courts never ruled on his motion for reconsideration of the denial of his first post conviction relief petition, which was hand delivered to the trial court's clerk on May 23, 2007. (ECF No. 35 at 4.) He argues that the "state court never entered [a] ruling on this motion which again tolled [the] federal statute of limitation because it rendered any subsequent ruling by [the A]ppellate [D]ivision jurisdictionally defective" and "non-final." Id. at 5. According to Garcia, "because of tolling resulting from filing of this May 23, 2007 motion for reconsideration of [the] May 4, 2007 adverse ruling, the statute of limitation clock never restarted." (ECF No. 35 at 5.) This argument lacks merit. This Court found that the federal statute of limitations was statutorily tolled from the date on which Garcia filed his first state petition for post-conviction relief in January 2005 until June 21, 2010, the date on which the New Jersey Supreme Court denied certification on the issues Garcia raised challenging the rejection of the post-conviction relief petition. Garcia argues that the Appellate Division lacked jurisdiction to rule on his appeal from the denial of post-conviction relief, but the

Appellate Division exercised jurisdiction over Garcia's appeal and it is not within the province of this Court to find that the Appellate Division lacked jurisdiction under New Jersey law.

Next, Garcia contends that this Court erred in finding that his third petition for post-conviction relief did not statutorily toll the federal limitations period.  He argues that his third post-conviction relief petition met the threshold requirement for timeliness because he raised the issue of the ineffective assistance of post-conviction relief counsel in that petition.  (ECF No. 35 at 5-6.)  However, this Court found that the third post-conviction relief petition was not timely or properly filed because it was filed two years after his untimely second post-conviction relief petition.  Garcia is not entitled to reconsideration because he has not shown that this Court's determination was a clear error of law or resulted in manifest injustice.

Finally, Garcia maintains that the "instant matter represents a perfect case of cause for . . . procedural default" under Martinez v. Ryan, 132 S.Ct. 1309 (2012).  This argument is misplaced. Martinez v. Ryan did not involve the timeliness of a § 2254 petition.  The case raised the question of whether a federal court could entertain a habeas petitioner's claim that trial counsel was constitutionally ineffective, even though the claim was not properly presented to the state courts due to an attorney's errors in the initial collateral proceeding.  The Supreme Court held that the ineffective assistance in an initial collateral proceeding on a claim of ineffective assistance at trial can provide cause for a procedural default in a federal habeas proceeding.

Garcia has not shown that reconsideration is warranted.  The Court will file an order denying the pending motion.

   s/Dickinson R. Debevoise
**DICKINSON R. DEBEVOISE**
**U.S.S.D.J.**

Dated:  April 16, 2015