UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| AGUSTIN GARCIA, | Civil Action No. 11-3689(MCA) |
| Petitioner, | |
| v. | MEMORANDUM AND ORDER |
| GREG BARTKOWSKI, | |
| Respondent. | |

*Pro se* Petitioner, a prisoner confined at New Jersey State Prison, has filed a motion for leave to file a motion pursuant to Federal Rule of Civil Procedure 60(b) for relief from judgment. It appearing that:

1. On January 12, 2016, Petitioner filed a motion for "Leave to File [a] Motion Before U.S. District Court, pursuant to [Fed. R. Civ. P. 60(b)] For Relief From Judgment or Order."[1] The Order from which he seeks relief was entered by the late Judge Debevoise on April 16, 2015. (ECF No. 34.) That Order denied Plaintiff's motion for reconsideration of the Court's prior Order, which was entered on February 27, 2015. (ECF Nos. 33-34). The February 27, 2015 Order, and accompanying Opinion, dismissed Petitioner's Petition as time barred under the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act ("AEDPA") and denied a certificate of appealability. (*Id.* at ECF No. 33, Op. at 17-18; ECF No. 34.) Petitioner subsequently filed a motion for reconsideration (ECF No. 35), which, as noted above,

---

[1] This case was previously assigned to the late Honorable Dickinson R. Debevoise. The matter was transferred to the undersigned when Petitioner filed the instant motion.

Judge Debevoise denied on April 16, 2015. (ECF Nos. 39-40.) The Third Circuit subsequently affirmed the denial of the certificate of appealability. (ECF No. 51.)

2. After he filed the instant motion seeking leave to file a motion under Rule 60(b), Petitioner filed <u>two additional motions</u> pursuant to Fed. R. Civ. P. 60(b), which seek relief from the February 27, 2015 Order denying his habeas petition as time barred and denying a certificate of appealability, <u>and</u> the April 16, 2015 Order denying reconsideration of the February 27, 2016 Order. (ECF Nos. 53-54.)

3. Rule 60(b) provides that a party may file a motion for relief from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence by which due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b). A motion filed pursuant to Rule 60(b) is addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all relevant circumstances. *Pierce Assoc. Inc., v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988). A motion under Rule 60(b) must be made within a reasonable time-and for reasons (1), (2), and (3) not more than a year after the entry of the judgment or order or the date of the proceeding. Fed.R.Civ.P. 60(c).

4. Here, it appears that Plaintiff did not need to seek leave of Court to file a motion under Rule 60(b), and the Court will dismiss the instant motion as unnecessary and moot in light of his later-filed motions under Rule 60(b). The Court will address the merits of the later-filed Rule

60(b) motions (ECF Nos. 53-54) in due time in a separate Opinion and Order, and makes no determination regarding the merits of those arguments at this time.

IT IS on this 31st day of August, 2016,

**ORDERED** that Petitioner's motion for "Leave to File Motion Before U.S. District Court, pursuant to [Fed. R. Civ. P. 60(b)] For Relief From Judgment or Order" (ECF No. 52) is **DISMISSED** as unnecessary and moot in light of his filing of two subsequent motions for relief from judgment under Fed. R. Civ. P. 60(b), which the Court will address in due time; and it is further

**ORDERED** that the Clerk of the Court shall send a copy of this Memorandum and Order to Petitioner at the address on file.

_____
Madeline Cox Arleo, District Judge
United States District Court