UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| AGUSTIN GARCIA, | Civil Action No. 11-3689(MCA) |
| Petitioner, | |
| | OPINION |
| v. | |
| GREG BARTKOWSKI, | |
| Respondent. | |

I. INTRODUCTION

This matter has been opened to the Court by Petitioner Agustin Garcia's ("Garcia" or "Petitioner") filing of four largely duplicative motions for relief from the judgment dismissing his habeas petition as untimely, which he brings pursuant to Federal Rule of Civil Procedure 60(b). (*See* ECF Nos. 52, 53, 56, 58.) For the reasons stated in this Opinion, the Court will deny Petitioner's Rule 60(b) motions for lack of jurisdiction.

II. FACTUAL BACKGROUND & PROCEDURAL HISTORY

a. State Court Proceedings

On February 1, 2002, the state trial judge sentenced Garcia to life in prison, with 30 years of parole ineligibility for murder, a consecutive four-year term for third-degree unlawful possession of a weapon, and two concurrent four-year terms for endangering the welfare of a child. Garcia appealed. On May 11, 2001, the Appellate Division affirmed the convictions and sentences imposed on the murder and weapons offenses, but reversed the convictions for endangering the welfare of a child. (*See* ECF No. 23-2.) On May 13, 2004, the trial court filed

1

an amended judgment of conviction. The New Jersey Supreme Court denied certification on September 10, 2004. *See State v. Garcia*, 181 N.J. 545 (2004).

Garcia's first PCR is dated January 3, 2005, but the postage remit Garcia presented to the District Court shows that he handed his first PCR petition to prison officials, with a request for deducting the cost of postage from his prisoner account, on January 22, 2005. (ECF No. 23-6 at 1; ECF No. 33, Op. at 3.) The trial court's date stamp on the cover letter and on the first page of the post-conviction relief petition is dated May 13, 2005. (ECF No. 23-6 at 1, 2.) On May 4, 2007, the trial court denied the first petition for post-conviction relief on the merits, without conducting an evidentiary hearing. *See State v. Garcia*, 2009 WL 3808269 at *1 (N.J. Super. Ct., App. Div., Nov. 6, 2009). Garcia appealed, and, on November 6, 2009, the Appellate Division affirmed. *Id.* On June 21, 2010, the New Jersey Supreme Court denied certification. *See State v. Garcia*, 202 N.J. 348 (2010).

Garcia filed his second petition for post-conviction relief ("PCR") on April 15, 2008, before the Appellate Division ruled on his first PCR. *See State v. Garcia*, 2011 WL 3516933 (N.J. Super. Ct., App. Div., Aug. 12, 2011). On February 17, 2010, the trial court denied relief on the second PCR without conducting an evidentiary hearing. On August 12, 2011, the Appellate Division affirmed on the ground that the second PCR application was untimely under N.J. Ct. R. 3:22-12. *Id.* The New Jersey Supreme Court denied certification on March 9, 2012. *See State v. Garcia*, 209 N.J. 596 (2012).

Garcia filed his third PCR petition on November 10, 2010, before the Appellate Division had ruled on his second PCR. (ECF No. 23 at 11.) The trial court denied it without an evidentiary hearing on December 15, 2010. *See State v. Garcia*, 2013 WL 2096208 (N.J. Super. Ct., App. Div., May 16, 2013). Garcia appealed, and on May 16, 2013, the Appellate Division

affirmed, finding that the claims were procedurally barred because it did not rely on a new rule of constitutional law, assert that the factual predicate for the relief sought could not have been discovered earlier, or present a prima facie case of ineffective assistance of PCR counsel, as required by New Jersey Court rule 3:22-4(b)(2)(A) - (C). The New Jersey Supreme Court denied certification on February 4, 2014. *See State v. Garcia*, 209 N.J. 284 (2014).

### b. Habeas Proceedings

Garcia's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 was filed while his third PCR was still pending, and his *in forma pauperis* application is dated June 7, 2011. (ECF No. 2 at 5.) The case was initially assigned to the Honorable Dennis M. Cavanaugh, and the petition was docketed on June 20, 2011. (ECF No. 1.) On August 1, 2012, the District Court screened the Petition and issued an Order to Show Cause, and accompanying Opinion, requiring Garcia to show cause as to why his Petition should not be dismissed as barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d). (*See* ECF Nos. 2-3.)

Garcia filed 12 responses to the Order to Show Cause, arguing that the Petition was timely and that equitable tolling was warranted. (ECF Nos. 6-17.) On April 22, 2014, the Court ordered service of the Petition, directed Respondent to file an answer and record limited to the timeliness of the Petition, and allowed Garcia to file a reply. (ECF No. 19.) The State filed an Answer limited to the statute of limitations (ECF No. 23), and Garcia filed five documents in response to the Answer. (ECF Nos. 28-31.)

The case was reassigned to the Honorable Dickinson R. Debevoise, and on February 27, 2015, the Court dismissed the Petition as time barred and denied a certificate of appealability. (ECF Nos. 33, 34.) In conducting its statute of limitations analysis, the District Court determined that Garcia's limitations period began to run on December 10, 2004, following direct

review on the day after 90-day period for filing a petition for certiorari to the Supreme Court expired, and ran until the date on which Garcia filed his first PCR petition in the trial court. (ECF No. 33, Op. at 9.) The District Court also found that Garcia was entitled to statutory tolling under 28 U.S.C. § 2244(d)(2) for the time period during which his first PCR was pending. The Court provided two alternate calculations for determining the amount of time that had elapsed between the conclusion of Garcia's direct review and the filing of his first PCR. The first calculation used the date on which Garcia handed his Petition to prison officials for filing and the second used the date on which Garcia signed his Petition. (*Id.* at 12-13.) As explained by the Court, under either calculation, Garcia filed his habeas Petition outside the one-year statute of limitations:

> The postage remit Garcia presented to this Court shows that he handed his first PCR petition to prison officials, with a request for deducting the cost of postage from his prisoner account, on January 22, 2005, even though he signed the petition itself on January 3, 2005. The return receipt addressed to the Superior Court Criminal Division indicates that the court received the petition on January 26, 2005. The record shows, therefore, that Garcia handed his petition to prison officials for mailing with postage on January 22, 2005, and that the court received it on January 26, 2005. Applying the mailbox rule, this Court finds that 44 days ran on the statute of limitations, or from December 10, 2004, *see State v. Garcia*, 181 N.J. 545 (2004), until January 22, 2005 (date on which Garcia handed first PCR to prison officials for mailing) when tolling began. The statute of limitations picked up again at day 45 on June 21, 2010, when the New Jersey Supreme Court denied certification on the first PCR petition, *see State v. Garcia*, 202 N.J. 348 (2010), and ran for the next 321 days until it expired on Monday, May 9, 2011. Because Garcia did not sign his affidavit filed with his § 2254 Petition until June 7, 2011, the Petition was filed 30 days late, absent additional statutory or equitable tolling.
>
> Alternatively, even if this Court were to assume that January 3, 2005, was the date on which Garcia's first post-conviction relief petition was filed, then Garcia's § 2254 Petition was nevertheless filed 11 days after the 365-day statute of limitations expired. In that case, the 365- day statute of limitations began to run on December 10, 2004, as in the prior calculation. If Garcia's first petition for post-conviction relief was filed on January 3, 2005, then 25 days elapsed on the 365-day limitations

4

> period by the time it was statutorily tolled on January 3, 2005; tolling continued until June 21, 2010, the date on which the New Jersey Supreme Court denied certification. In the absence of further statutory or equitable tolling, the statute of limitations picked up on June 22, 2010, at day 26 and it expired 340 days later on Friday, May 27, 2011. As Garcia handed his § 2254 Petition to prison officials on June 7, 2011, the Petition was out of time by 11 days, absent additional statutory or equitable tolling.

(ECF No. 33, Op. at 12-13.)

The Court next found that statutory tolling was not available for Garcia's second PCR because it was not properly filed within the meaning of 28 U.S.C. § 2244(d)(2). (*Id.* at 13.) As explained by the Court:

> Although Garcia filed his second state PCR petition on April 15, 2008, *see State v. Garcia*, 2011 WL 3516933 (N.J. Super. Ct., App. Div., Aug. 12, 2011), and the New Jersey Supreme Court denied certification on March 9, 2012, *see State v. Garcia*, 209 N.J. 596 (2012), the Appellate Division found that the second PCR petition was time barred under New Jersey Court Rule 3:22-12 because it was filed more than five years after the date the judgment of conviction was entered. *See Garcia*, 2011 WL 3516933 at *4 ("We have considered defendant's argument that there is sufficient evidence supporting excusable neglect to warrant a waiver of the time bar imposed by Rule 3:22-12(a) and are not persuaded.") Because the second PCR petition was time barred pursuant to N.J. Court Rule 3:22-12(a), not "properly filed" and it did not statutorily toll the 365-day statute of limitations under § 2244(d)(2).

(*Id.* at 13-14.)

The Court next found that Petitioner was not entitled to statutory tolling for his third PCR:

> Similarly, the limitations period was not statutorily tolled by Garcia's third PCR petition, which he filed on November 10, 2010, two years after he filed his untimely second PCR petition. The Appellate Division affirmed the dismissal of the third PCR petition on the ground that Garcia failed to assert a basis for relief pursuant to N.J. Court Rule 3:22-4(b)(2), which provides that a second or subsequent PCR petition "shall be dismissed unless" it relies on a new rule of constitutional law, or it relies on a factual predicate that could not have been discovered earlier, or it alleges ineffective assistance of prior PCR counsel. *See State v. Garcia*, 2013 WL 2096208 (N.J. Super. Ct., App. Div., May 16, 2013). The

5

> third PCR petition did not trigger statutory tolling under § 2244(d)(2) because, like the second PCR petition, the third PCR petition was also time barred under N.J. Court Rule 3:22-12(a).
>
> This Court notes that the Appellate Division did not expressly find that the third PCR petition was time barred. In the absence of a "clear indication" by the state courts that an application is untimely, the federal court "must itself examine the delay in each case and determine what the state courts would have held in respect to timeliness." *Evans v. Chavis*, 546 U.S. 189, 198 (2006); *accord Jenkins*, 705 F.3d at 85-86 ("But if a state court fails to rule clearly on the timeliness of an application, a federal court 'must . . . determine what the state courts would have held in respect to timeliness.'") (quoting *Evans*, 546 U.S. at 198)). In this case, the New Jersey courts did not reach the merits of Garcia's third PCR petition or consider timeliness, but found that it was barred by N.J. Court Rule 3:22-4(b). However, there is no doubt that, had they considered timeliness, the New Jersey courts would have found that Garcia's third PCR petition, which was filed two years after his untimely second PCR petition, was also untimely under N.J. Court Rule 3:22-12(a)(1), since it was filed more than five years after the judgment of conviction. The third PCR petition was also untimely under N.J. Court Rule 3:22-12(a)(2) because, while Garcia claimed in in the third PCR petition that counsel representing him in his first PCR petition was ineffective, the Appellate Division's opinion affirming the denial of the third PCR petition found that Garcia "ha[d] not alleged a prima facie case of ineffective assistance of PCR counsel." *Garcia*, 2013 WL 2096208 at*3. Accordingly, the third PCR petition was untimely, it was not properly filed, and it did not trigger statutory tolling under § 2244(d)(2).

(*Id.* at 14-16.)

The Court next determined that Petitioner was not entitled to equitable tolling, based on Garcia's claim

> that his attorney incorrectly told him that his federal habeas petition would be timely if he filed it by June 21, 2011 (one year after the New Jersey Supreme Court denied certification on his first PCR petition). This Court agrees with Judge Cavanaugh that Garcia's attorney error claim is the sort of "garden variety" claim that does not warrant equitable tolling. *See Holland*, 569 U.S. at 652; *LaCava v. Kyler*, 398 F.3d 271 276 (3d Cir. 2005).

6

(Id. at 17.) Finally, the Court determined that Petitioner was not entitled to a certificate of appealability because "jurists of reasons would not finds that debatable that the dismissal of the Petition as time barred is correct." (*Id.* at 17-18.)

Garcia filed a motion for reconsideration of the Court's decision dismissing his Petition on February 27, 2015 (ECF No. 35). While the motion for reconsideration was pending, Garcia filed a notice of appeal. (ECF No. 36.) The Third Circuit stayed the appeal pending the disposition of the motion for reconsideration (ECF No. 37), which the District Court denied on April 16, 2015. (ECF Nos. 39-40.) In denying Garcia's motion for reconsideration, the District Court rejected Garcia's argument that the state court's failure to rule on a motion for reconsideration allegedly filed by Garcia in connection with the denial of his first PCR tolled the statute of limitations indefinitely and rendered subsequent rulings by the Appellate Division defective and non-final. (ECF No. 39, Op. at 2-3.) The Court also rejected Petitioner's argument that his third PCR was timely. (*Id.* at 3.) Finally, the Court rejected Garcia's reliance on *Martinez v. Ryan*, 132 S.Ct. 1309 (2012) as misplaced, explaining that *Martinez* "did not involve the timeliness of a § 2254 petition." (*Id.* at 3.) Instead, "[t]he case raised the question of whether a federal court could entertain a habeas petitioner's claim that trial counsel was constitutionally ineffective, even though the claim was not properly presented to the state court due to an attorney's errors in the initial collateral proceeding." (*Id.*)

On October 20, 2015, the Third Circuit affirmed the denial of the certificate of appealability and denied his petition for a writ of mandamus as follows:

> The foregoing application for a certificate of appealability is denied. Jurists of reason would not find it debatable that the District Court was correct in its ruling, *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), that appellant's petition for writ of habeas corpus was untimely filed, *see* 28 U.S.C. § 2244(d)(1), and that

7

> equitable tolling is unwarranted. Appellant's petition for writ of mandamus is denied.

(ECF No. 51.) Garcia sought an *en banc* rehearing, which was denied by the Third Circuit by Order dated November 30, 2015. (PACER, Third Circuit Dkt.15-1856, at Nos. 7-8.) Petitioner filed a Petition for a Writ of Certiorari, which was denied on May 16, 2016. (*Id.* at Nos. 9-10.)

Meanwhile, on January 12, 2016, more than two months after the Third Circuit affirmed the denial his certificate of appealability, Garcia filed a motion for "Leave to File [a] Motion Before U.S. District Court, pursuant to [Fed. R. Civ. P. 60(b)] For Relief From Judgment or Order." The Order from which he sought relief was the Order denying his motion for reconsideration of the Court's February 27, 2015 Order dismissing his Petition as untimely. (ECF Nos. 33-34). Petitioner subsequently filed three additional motions pursuant to Fed. R. Civ. P. 60(b), which sought relief from the February 27, 2015 Order dismissing his habeas Petition as time barred and denying a certificate of appealability, and the April 16, 2015 Order denying reconsideration of the February 27, 2016 Order. (ECF Nos. 53, 56, 58.) The matter was subsequently transferred to the undersigned. This Court denied the motion for leave file a Rule 60(b) motion as unnecessary in light of his later-filed motions under Rule 60(b) (ECF No. 59), which the Court now addresses.

### III. ANALYSIS

Rule 60(b) provides that a party may file a motion for relief from a final judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence by which due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based

has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. *See* Fed. R. Civ. P. 60(b). As a general matter, a motion filed pursuant to Rule 60(b) is addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all relevant circumstances. *Pierce Assoc. Inc., v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988). A motion under Rule 60(b) must be made within a reasonable time-and for reasons (1), (2), and (3) not more than a year after the entry of the judgment or order or the date of the proceeding. Fed. R. Civ. P. 60(c).

The Court begins by noting that Garcia's submissions are exceedingly confusing and difficult to construe, making it hard for the Court to determine whether he "seeks vindication" of a "claim", *see Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005), or merely challenges the Court's failure to reach the merits of his claims.[1] Here, it appear that Garcia challenges the Court's failure to reach the merits of his Petition based on the statute of limitations. A 60(b) motion that challenges "a district court's failure to reach the merits of a petition based on the statute of limitations does not constitute a second or successive habeas petition" and is thus not subject to dismissal on that basis. *See United States v. Andrews*, 463 F. App'x 169, 171–72 (3d Cir. 2012).

---

[1] In *Gonzalez v. Crosby*, the Third Circuit analyzed when a motion couched in terms of Rule 60(b) was in reality a second or successive § 2254 habeas petition subject to the requirements relevant to such a motion pursuant to 28 U.S.C. § 2244(b). *Gonzalez* makes clear that where a Rule 60 motion asserts a new claim, it is a successive petition. 545 U.S. at 530–32. "Claim" for purposes of the analysis (as used in § 2244(b)) is defined as "an asserted federal basis for relief from a state court's judgment of conviction." 545 U.S. at 530. Although Garcia's Rule 60(b) motions refer to a number of the substantive claims raised in his underlying habeas petition (*see, e.g.*, ECF Nos. 52-1 at i–iii; 56 at 3-7), he does not appear to raise any new claims for relief in his Rule 60(b) motions that would require the Court to view his Rule 60(b) motion as a second or successive petition.

Here, however, the Third Circuit decided Garcia's appeal before he filed his motions under Rule 60(b); thus, the Court must also determine whether it has jurisdiction to entertain the instant motions for relief from judgment. The Third Circuit Court of Appeals "has held that, when reviewing a Rule 60(b) motion brought following an appeal, district courts are 'without jurisdiction to alter the mandate of this court on the basis of matters included or includable[2] in [the party's] prior appeal.'" *Bernheim v. Jacobs*, 144 F. App'x 218, 222 (3d Cir. 2005) (citing *Standard Oil v. United States*, 429 U.S. 17 (1976); *Seese v. Volkswagenwerk*, A.G., 679 F.2d 336 (3d Cir.1982)); *see also Smith v. Evans*, 853 F.2d 155, 158 (3d Cir. 1988) (holding "that a Rule 60(b) motion may not be used as a substitute for appeal, and that legal error, without more, cannot justify granting a Rule 60(b) motion"). The courts "distinguish between a Rule 60(b)

---

[2] In *Bernheim v. Jacobs*, 144 F. App'x 218, 222 (3d Cir. 2005), the Third Circuit affirmed the District Court's determination that it lacked jurisdiction over Bernheim's Rule 60(b) motion, and noted that Bernheim had been "unsuccessful at the appellate level," and had returned to the District Court where he filed a Rule 60(b) motion for relief from the District Court's entry of summary judgment against him. The motion sought relief under Rule 60(b)(1) on the grounds that "Bernheim's failure to file a timely brief in the Third Circuit was due to 'excusable neglect' and that the District Court had committed legal error constituting 'mistake'." *Id.* at 221. The Third Circuit rejected Bernheim's argument on the basis that all of the arguments and claims Bernheim wished to make were "includable" in Bernheim's prior appeal <u>and did not turn on events that occurred after the appeal was dismissed</u>. Thus, the Court wrote:

> We next consider whether the District Court had jurisdiction over Bernheim's 'legal error' claim, as to which he proceeded under Rule 60(b)(1) and (6). Because this Court dismissed Bernheim's appeal, it did not have occasion to consider whether the District Court erred in granting Appellee's summary judgment motion. However, this Court's inability to review the District Court's decision was the result of Bernheim's failure to file a brief within the time this Court had specified. All of the legal error arguments presented to the District Court in the Rule 60(b) motion were includable' in Bernheim's prior appeal and did not turn on events that occurred after the appeal was dismissed. Accordingly, under *Seese*, the District Court lacked jurisdiction to entertain the 'legal error' aspect of Bernheim's motion.

144 F. App'x. at 223.

motion based on matters that were before the court on appeal, which may not be reviewed subsequently by the district court, and a Rule 60(b) motion based on matters that come to light after the appellate court has issued a decision, which properly may be reviewed by the district court." *Id.* This rule applies to Rule 60(b) motions brought by an unsuccessful habeas petitioner after the conclusion of his appeal. *See, e.g., McCollister v. Cameron*, No. CIV.A. 11-0525, 2014 WL 4055821, at *3 (E.D. Pa. Aug. 14, 2014) (finding no jurisdiction to consider Rule 60(b) motion where Third Circuit had considered the issues raised by Petitioner in denying appeal), certificate of appealability denied (Mar. 30, 2015); *Williams v. Patrick*, No. CIV.A. 07-776, 2014 WL 2452049, at *3 (E.D. Pa. June 2, 2014) (same), certificate of appealability denied (Apr. 20, 2015).

The Court therefore assesses whether the matter raised by Garcia in his Rule 60(b) motions were "included or includable" in Garcia's appeal to the Third Circuit or were matters that came to light after the Third Circuit issued its decision. The issues raised in his Rule 60(b) motions relate to the timeliness of his Petition, and all but one are versions of the same arguments that Petitioner has made in his numerous submissions opposing the dismissal of his case. Construed broadly, Garcia contends that the District Court erred by not considering his May 8, 2007 motion for trial as his second PCR and providing his tolling for the period from May 8, 2007 to the present. (*See, e.g.,* ECF No. 53, Motion at 2.) Garcia also contends that the District Court's dismissal of his Petition was unreasonable because it deferred to the state court's denial of Garcia's first PCR despite the state court's alleged failure to rule on a motion for reconsideration Garcia filed in connection with the denial of his first PCR. Garcia argues that the state court's alleged failure to rule on the motion for reconsideration deprived the New Jersey Appellate Division of jurisdiction over his first PCR and entitles him to statutory tolling. (*Id.*)

11

Garcia next contends that the District Court erred by failing "to perform de novo review of issues of law" by assessing timeliness of his second and third PCR petitions under N.J. Ct. R. 3:22-12(a)(2) instead of rubberstamping the Appellate Division's assessment of his second PCR as untimely under the five-year limitations period applicable to initial PCRs under N.J. Ct. R. 3:22-12(a)(1). (*Id.* at 2-3.) Finally, he alleges that he is entitled to relief under Rule 60(b) because the District Court failed to mail him a copy of the April 16, 2015 Opinion denying his motion for reconsideration. Garcia contends that he received the Opinion on June 12, 2015, after he filed his appeal of the District Court's Order denying the certificate of appealability. As such, he contends that he could not effectively argue on appeal that his May 8, 2007 motion for a new trial tolled the limitations period from May 8, 2007 through the present. (*Id.* at 3; *see also* ECF Nos. 52 & 56.)

With one exception, these issues were previously raised to the District Court and were thus included (or includable) on appeal to the Third Circuit. Therefore, the Court finds that it is without jurisdiction to rule on Garcia Rule 60(b) motions because the issues raised are matters that were included or includable in his prior appeal, which may not be reviewed subsequently by this Court, and are not based on matters that came to light after the appellate court issued a decision, which properly may be reviewed by the district court. *See Bernheim*, 144 F. App'x at 222. With respect to the exception, the Court notes that Garcia argues that the Court failed to send him a copy of its April 16, 2015 Opinion denying his motion for reconsideration, which allegedly prevented him from arguing effectively on appeal that his May 8, 2007 motion for a new trial should toll the statute of limitations. He alleges that he did not receive the Opinion until June 12, 2015. The Court, however, has reviewed Garcia's submissions to the Third Circuit, and finds that he did in fact raise this issue in a supplemental motion filed on June 22,

12

2016. (*See* PACER, Third Circuit Dkt. 15-1856, at No. 3.) As such, this issue was in fact included in Garcia's submissions to the Third Circuit, and is not an issue that only came to light after the appeal was concluded.

For the reasons stated above, the Court will dismiss Garcia's Rule 60(b) motions for lack of jurisdiction, having determined that the issues raised by Garcia in his Rule 60(b) motions were included or includable in the appeal decided by the Third Circuit. To the extent Petitioner seeks a certificate of appealability, that request is denied.

IV. **CONCLUSION**

For the reasons stated in this Opinion, Petitioner's Rule 60(b) motions (ECF Nos. 52, 53, 56, 58) are dismissed for lack of jurisdiction. To the extent Petitioner seeks a certificate of appealability, that request is denied. An appropriate Order follows.

Date: Nov 30, 2016

Madeline Cox Arleo, U.S.D.J.

13