UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

AGUSTIN GARCIA,

    Petitioner,

v.

GREG BARTKOWSKI,

    Respondent.

Civil Action No. 11-3689(MCA)

MEMORANDUM

This matter has been opened to the Court by Petitioner's Motion for 30-day extension of time to file motion for reconsideration, (ECF No. 63), which the Court treats as a motion for reconsideration, pursuant to L. Civ. R. 7.1., of the Court's prior Order denying his motion for relief under Fed. R. Civ. P. 60(b). Although the Court will deem the December 15, 2016 motion timely based on Petitioner's assertions regarding the delay in his receipt of the Court's November 30, 2016 Order and Opinion,[1] it finds, for the reasons explained below, that Petitioner fails to meet the standard for reconsideration. The Court will, therefore, dismiss the motion for reconsideration with prejudice. The Court expressly declines to consider Petitioner's remaining submissions (ECF Nos. 66-68) in connection with the motion for reconsideration and finds them untimely under L. Civ. R. 7.1.

A party may seek reconsideration of matters "which the party believes the [Court] has overlooked" when ruling on the previous motion. L. Civ. R. 7.1(i); *see NL Indus. v. Commercial Union Ins.*, 935 F. Supp. 513, 515 (D.N.J. 1996); *Darrian v. Hendricks*, No. CIV.A. 01-1372

---

[1] Pursuant to L. Civ. R. 7.1 "a motion for reconsideration shall be served and filed within 14 days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge."

1

MLC, 2015 WL 2159147, at *2–3 (D.N.J. May 7, 2015). The standard for reconsideration is high; it is to be granted only sparingly. *See United States v. Jones*, 158 F.R.D. 309, 314 (D.N.J. 1994). The movant has the burden of demonstrating either: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

A court will grant a motion for reconsideration only where a previous decision has overlooked a factual or legal issue that may alter the disposition of the matter. *See* L. Civ. R. 7.1(i). "The word 'overlooked' is the operative term in the Rule." *Bowers v. Nat'l Collegiate Athletic Ass'n*, 130 F.Supp.2d 610, 612 (D.N.J 2001). A motion for reconsideration ordinarily may address only those matters of fact or issues of law that were presented to, but not considered by, a court in the course of reaching a decision. *See SPIRG v. Monsanto Co.*, 727 F. Supp. 876, 878 (D.N.J. 1989), *aff'd*, 891 F.2d 283 (3d Cir. 1989). Thus, reconsideration is not to be used as a means of expanding the record to include matters not originally before a court. *Bowers*, 130 F. Supp.2d at 613; *Resorts Int'l v. Greate Bay Hotel & Casino*, 830 F. Supp. 826, 831 (D.N.J. 1992); *Egloff v. N.J. Air Nat'l Guard*, 684 F. Supp. 1275, 1279 (D.N.J. 1988). Absent unusual circumstances, a court should reject new evidence that was not presented when the contested decision was made. *See Resorts Int'l*, 830 F. Supp. at 831. A party seeking to introduce new evidence on reconsideration bears the burden of demonstrating that the evidence was unavailable or unknown at the time of the original hearing. *See Levinson v. Regal Ware*, No. 89–1298, 1989 WL 205724, at *3 (D.N.J. Dec.1, 1989).

Local Civil Rule 7.1(i) also does not allow parties to restate arguments already considered by a court. *See G–69 v. Degnan*, 748 F. Supp. 274, 275 (D.N.J. 1990). A difference

2

of opinion with a court's decision should be addressed through the appellate process. *Bowers*, 130 F. Supp.2d at 612; *see Chicosky v. Presbyterian Med. Ctr.*, 979 F. Supp. 316, 318 (D.N.J.1997); *NL Indus.*, 935 F. Supp. at 516 ("Reconsideration motions ... may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment."). Thus, a motion for reconsideration does not provide parties with an opportunity for a second bite at the apple. *See Tishcio v. Bontex, Inc.*, 16 F. Supp.2d 511, 532 (D.N.J. 1998).

Here, Petitioner asks the Court to reconsider its November 30, 2016 Order denying his Rule 60(b) motion for lack of jurisdiction. Having reviewed Petitioner's arguments, the Court finds that there is no basis to reconsider its Order denying Petitioner's Rule 60(b) motion for lack of jurisdiction. Petitioner, in large part, reiterates his arguments for Rule 60(b) relief and provides additional facts that were available to him when he filed prior Rule 60(b) motion.[2] (*See* ECF No. 63.) Petitioner also appears to contend that the Court erred in dismissing his Rule 60(b) motion for lack of jurisdiction because there was a motion pending before the District Court when the Third Circuit dismissed his appeal and denied his certificate of appealability. (*Id.* at 3.) The Court has reviewed the docket and finds that the District Court had already denied Petitioner's pending motions for relief when the Third Circuit dismissed his appeal and denied the Certificate of Appealability. Although Petitioner filed a "supplement" to a prior motion, which was docketed on April 27, 2015 (ECF No. 47), that supplement related to motions that had

---

[2] Petitioner further contends that he did not receive the Court's November 30, 2016 Order until December 5, 2016, lacks basic familiarity with the procedures governing reconsideration of Rule 60(b) motions, and is experiencing extremely limited law library access and serious health issues. (ECF No. 63-1, at 1-3.) These issues relate only to the timeliness of his December 15, 2016 motion (ECF No. 63), which the Court does not deny as untimely. The Court does, however, decline to address his remaining submissions, which are plainly out of time. (*See* ECF Nos. 66-68.)

3

already been denied by the District Court. (ECF Nos. 40, 45.) As such, the Court did not clearly err in determining that it lacked jurisdiction to consider Petitioner's subsequent Rule 60(b) motion after the Third Circuit dismissed his appeal and denied a Certificate of Appealability.

The Court finds that Petitioner's remaining submissions (ECF Nos. 66-68) are untimely under L. Civ. R. 7.1 and declines to address them in connection with Petitioner's motion for reconsideration.[3]

For the reasons explained in this Memorandum, Petitioner's motion for reconsideration (ECF No. 63) is DENIED WITH PREJUDICE. Because Petitioner's additional submissions (ECF Nos. 66-68) are untimely under L. Civ. R. 7.1, the Court declines to address them in connection with the motion for reconsideration. Having disposed of Petitioner's motion WITH

---

[3] The Court notes, however, that these recent submissions suggest that Petitioner is attempting to bring an unauthorized second or successive petition. As the Court noted in its prior Opinion, it is difficult to determine whether Petitioner "seeks vindication" of a "claim", *see Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005), or merely challenges the Court's failure to reach the merits of his claims.[3] The former, however characterized, is subject to dismissal for lack of jurisdiction where it amounts to an improper attempt to present a second or successive petition in the district court without prior authorization by this court. *See* 28 U.S.C. § 2244(b)(3). Petitioner's submissions to the Court focus on alleged errors in the District Court's timeliness analysis and provide facts regarding alleged tampering with videotape evidence, which Petitioner appears to have raised as grounds for relief in his original habeas petition. (*See* ECF No. 1, Pet. at Grounds 1-2.) It appears from his recent submissions, however, that Petitioner has filed at least two new PCRs/motions for a new trial in state court premised on "newly discovered evidence" related to the alleged videotape tampering. The first motion was filed on May 27, 2016, and denied by the PCR Court on August 25, 2017. (*See* ECF No. 67, March 28, 2017 Order Denying Motion for Reconsideration at 1-2.) The second motion was denied on March 3, 2017. (*Id.* at 3.) A prisoner who presents a claim not previously raised may file a second/successive § 2254 petition only if he first obtains an order from the appropriate circuit court authorizing the district court to consider the motion. *See* 28 U.S.C. § 2244(b)(3)(A). Absent such authorization, the district court lacks jurisdiction to address the merits of such a petition. *See* 28 U.S.C. § 2244(b)(4). To the extent Petitioner is seeking to raise new claims for habeas relief premised on newly discovered evidence, such claims would amount to a second or successive petition under 28 U.S.C. § 2244(b)(3), and this Court would lack jurisdiction to hear those claims absent permission from the Third Circuit Court of Appeals, which Petitioner has not obtained.

PREJUDICE, the Court will order the Clerk of the Court to CLOSE this matter accordingly. An appropriate Order follows.

Date: /s/ Aug 28, 2017

Madeline Cox Arleo, U.S.D.J.